CASE 92.—ACTION BY THE COMMONWEALTH FOR USE OF BANK OF COLUMBIA AGAINST D. S. WADE'S ADM'R AND OTHERS, ON SAID WADE'S BOND AS TAX COLLECTOR.—October 23.

# Commonwealth, for Use, &c., v. Wade's Adm'r, &c.

Appeal from Taylor Circuit Court.

I. H. THURMAN, Circuit Judge.

From a judgment dismissing the petition plaintiff appeals.   Reversed.

1. Taxation—Collection—By "Law."—The term by "law," as used in Ky. Stats., 1903, section 4129, providing that the sheriff shall be collector of all taxes, unless the payment thereof is by law directed to be made to some officer, means a statute, and does not include an order of the fiscal court.

2. Same—Appointment of Collectors—Special Assessments.— Under Ky. Stats., 1903, section 4131, authorizing the county court where there is no sheriff to appoint a collector of all taxes due the State, county, or taxing districts, or a separate collector for money due the State, county, etc., authorized to be collected by the sheriff, only one collector may be appointed to collect the taxes for any division, and, where one is appointed to collect county revenue, another can not be appointed to collect some special assessments therein. .

3. Same—Duties of Collectors.—The collectors authorized to be appointed take the place of the sheriff and fill his office so far as the collection of revenue is concerned, and it is their duty to collect all taxes levied and collectible for that year, whether State or county, regular or special.

4. Same—Legality of Appointment—Collector of Special Taxes.— A nomination by the fiscal court of a collector of a special tax is void.

5. Same—Liability on Official Bond.—Under Ky. Stats., 1903, section 4147, providing that if the sheriff or collector of revenue without reasonable excuse fails to pay to any person entitled

Commonwealth, for use, &c. v. Wade's Adm r, &c.

thereto the amount due upon any claim allowed by the fiscal court and payable out of the taxes levied by it, if collected or collectible by him, he and his sureties shall be liable therefor, where a special levy was made by the fiscal court to pay a judgment against a county and a collector of State and county taxes was appointed, and gave bond, and his attention was called to the special tax, but he refused to collect it, but did not pretend that it was not collectible, he and his sureties are liable on his official bond.

6. Same—Necessity for Certification of Levy.—It is the duty of the sheriff or collector of revenue to take notice of the levy of taxes by the fiscal court and to collect and distribute it as by law required, and a special certification of the levy is not required.

JAMES GARNETT and W. W. JONES attorneys for appellant.

PROPOSITION OF LAW AND AUTHORITIES CITED.

1. All taxes for State, county and district purposes, must be levied and collected, under the general laws. (Present Constitution, section 59 and subsection 15 thereof; present Constitution, sections 171, 181, and subsection 1 of section 263; Fidelity and Deposit Co. of Md. v. Logan County, 17 Ky. Law Rep., 66.)

2. The general laws, carrying into effect the provisions of the present Constitution relative to the levy and collection of all kinds of taxes, are ample and complete. (Ky. Stats., sections 1852-3, 1839-40, 1860-7, 1882, 1878, 4131-3-4, 4146-7, 4129, 4168, and 27 Ky. Law Rep., 66.)

3. The bonds executed by Collector Wade, January 13, 1902, under section 4133, bound him and his sureties for the collection of all taxes of whatever kind then levied or might thereafter be levied to be paid out of the assessment of the year 1902. (Ky. Stats., 4131-3-4; Howard v. The Commonwealth, for the use etc., 105 Ky., 608, and Adair, etc., v. Hancock Deposit Bank, 107 Ky. 218.

4. County taxes are due the same time State taxes are due and may be levied any time during the year, and the collector is bound to collect them under whatever bond he has executed. (Ky. Stats., 1868, 1853, 1883-5.)

5. The sheriff or collector must collect all taxes for whatever purpose levied and pay over to the persons entitled thereto. (Ky. Stats., 4131-3-4, 4129, 4147, and 105 Ky., 608, and 107 Ky., 218.)

6. Collector must apportion taxes, when he fails to collect all taxes for all purposes from taxpayer, according to the amount due to State, county, person or fund. (Ky. Stats., 4168.)

Commonwealth, for use, &c. v. Wade's Adm'r, &c.

7. A levy of taxes by the fiscal court gives the authority to collect them, and, when the authority is given to collect, the law makes it the duty of the collector to collect them, and the oaths and bonds are required of him to insure the faithful performance of this duty. (Ky. Stats., 4131-3-4, 4147, 4129, 1853.)

8. When a levy is made for a county creditor, he acquires a property interest or vested interest therein, and in effect becomes the creditor of the collector and his sureties, and must look to them for his debt so long as any part of levy remains collectable and must exhaust all his remedies against them before he can return to the county for an additional levy. (Ky. Stats., 4147; 107 Ky., 212.)

9. The bank's debt herein sued on was created under special acts and section 1852 Ky. Stats. (Bank of Columbia v. Taylor Fiscal Court, 112 Ky., 246, and Smith v. Mercer County, 596.)

10. The levy is collectable under section 1853.

11. The attempted appointment of W. B. Trotter by the fiscal court as the collector of the levy of April 3, 1902, was a mere nullity and did not lessen Wade's duty toward appellant or give him an excuse for failing to collect the tax and pay it over according to law. (Jones v. Gallatin County, 78 Ky., 491; Commonwealth, for use, etc., v. Blackwell, 97 Ky., 314; Ky. Stats., 4131-3-4, 4147, 4129, 1853.)

12. No settlement made by the fiscal court and Wade can bind the appellant. (Ky. Stats., 4146; Little v. Strow, 23 Ky. Law Rep. 1829.)

13. Exclusive jurisdiction to appoint collectors is given the county courts. (Ky. Stats., 4131.)

14. Every material allegation of the petition is admitted and all statutes bearing directly upon the questions in this case are quoted in full in the appellant's brief.

H. W. RIVES, attorney for appellees.

1. Appellant in this case has mistaken its remedy; its judgment is against Taylor county; the alleged repudiation is by the county, and not by a single private individual, or even by a ministerial officer who had no official duty imposed upon him by law, or by the orders of any court in connection with the payment of this debt. The county owes the money, and should pay the debt; this has been determined by the courts.

2. If appellant conceives that the action of the fiscal court in making its levy and appointing a collector under the provisions of the special act under which the debt was contracted, was not in good faith, let it proceed against the members of that court, as

Commonwealth, for use, &c., v. Wade's Adm'r, &c.

then or now constituted, in some appropriate action in which the persons charged with misconduct may have an opportunity to answer the accusation against them. It is certainly a novel argument, to contend, as do counsel for appellant, before an intelligent court, that the members of the fiscal court acted in bad faith in not requiring Wade to collect the tax, and, therefore on the mere assumption of official misconduct on their part, Wade must answer for its alleged results; the inference is that if the fiscal court had, as appellant desired, appointed Wade the collector, he would have collected the tax, and, therefore, he must answer for the default of the fiscal court and of Trotter.

3. The separate answers of Wade and of the sureties on his bond each presented a complete defense, and the action of the circuit court was right in dismissing appellant's petition. That judgment should, and doubtless will, promptly be affirmed.

### AUTHORITIES CITED.

Bank of Columbia v. Taylor County, 65 S. W., 451; Fidelity & Deposit Co. v. Logan County, 27 Ky. Law Rep., 66; Howard, etc., v. Commonwealth, 105 Ky., 605, 49 S. W., 466; Little v. Strow, 66 S. W., 282; Adair et al. v. Hancock Deposit Bank et al., 53 S. W., 295; Montgomery County Court v. Chenault, 47 S. W., 457; Smith v. Mercer County et al., 47 S. W., 596; Maynard v. Commonwealth, 80 Ky., 587; Acts 1878, vol. I, p. 554; Acts 1881, vol. 1, p. 558; Acts 1887-88, vol. I, p. 344; Ky. Stats., sections 1852, 1853, 1860, 1862, 1867, 1878, 1882, 1884, 4129, 4133, 4146 and 4556.

Opinion of the Court by Judge Barker— Affirming.

The appellant, the Bank of Columbia, obtained a judgment in the Taylor circuit court against the county of Taylor for the sum of $4,000, with interest at the rate of 6 per cent. per annum from the 25th day of March, 1897, until paid. Afterwards it moved the fiscal court to make a levy to pay its judgment. This they declined to do, whereupon the bank instituted an action against the members of the court to compel them to make the levy for the payment of its judgment. Without going into the proceedings of

that action, it is sufficient to say that judgment was rendered in favor of the county, refusing to require the fiscal court to make the levy prayed for.  From that judgment the bank prosecuted an appeal to this court, where it was reversed with directions to the lower court to enter a judgment requiring the members of the fiscal court to make the levy as demanded by the bank.  All of this appears more fully in the opinion of this court delivered in the case of Bank of Columbia v. Taylor County, 112 Ky. 243, 65 S. W. 451.  Upon the return of the case, a judgment was entered pursuant to the mandate of this court, requiring the fiscal court to make a levy upon the property in the county subject to taxation, at a rate sufficient to pay the bank's judgment.  On the 3d day of April, 1902, the fiscal court made a levy of 60 cents on each $100 in value of all property subject to taxation in the county, and appointed W. B. Trotter to collect the same, who failed to qualify or assume the duties of the office in any way.  For reasons which we need not stop to examine or comment upon, there had not been for many years a sheriff in Taylor county; that office being vacant and its duties performed from time to time by collectors appointed for that purpose.

On the 13th day of January, 1902, D. S. Wade was appointed collector of taxes both for State and county purposes, and accepted the apointment and qualified for the positions by taking the oath of office and executing the bonds required by law, with appellees J. N. Turner and Henry R. Turner as his sureties on both bonds.  The bond executed to the county is as follows: "We, D. S. Wade, special collector of poll tax and ad valorem tax of Taylor county for the year 1902, and J. N. Turner and Henry R. Turner, his

sureties, bind and obligate ourselves jointly and sev-
erally to the Commonwealth of Kentucky, that said.
D. S. Wade, special collector, shall faithfully perform
his duties. Witness our signatures this 13th day of
January, 1902. D. S. Wade, J. N. Turner, Henry R.
Turner.'' After the levy of the tax by the fiscal court
to pay its judgment, the bank notified the collector, D.
S. Wade, thereof, and urged him to at once proceed
to collect the tax and pay it over in satisfaction of the
judgment. This he wholly failed and refused to do,
and no part of the levy was ever collected or paid
to the bank. Thereupon the bank instituted this
action against the collector on his bond, alleging the
foregoing facts and praying a judgment against him
and his sureties for the payment of its debt, interest,
and costs. To this the defendants filed an answer,
which presented the following defenses: First, that
the levy to pay the bank's debt was never certified
to him for collection; second, that the fiscal court
having, in its order making the levy, appointed W. B.
Trotter as special collector thereof, it was not the
defendant's duty to collect it. A demurrer of the
plaintiff to this answer having been overruled, it
declined to plead further, and thereupon its petition
was dismissed, of which it now complains.

As preliminary to a discussion of the responsibility
of the collector, D. S. Wade, for his failure to collect
the bank's claim, it is necessary that we should ex-
amine certain sections of the Kentucky Statutes of
1903 bearing upon the question in hand; and, in order
that these may be before our mind during the dis-
cussion, they are copied herein in full. Section 4129:
''The sheriff, by virtue of his office, shall be collector
of all state, county and district taxes, unless the pay-
ment thereof is, by law, directed to be made to some

other officer." Section 4131: "On the failure of the sheriff to execute bond and qualify as hereinbefore provided, he shall forfeit his office, and the county court may appoint a sheriff to fill the vacancy until a sheriff is elected, or it may appoint a collector for the county of all moneys due the State and county or taxing districts authorized to be collected by the sheriff, or it may appoint a separate collector of the moneys due the State, county or any taxing district thereof during the vacancy in the office of sheriff; and in the event the county court fails for thirty days to appoint a collector of money due the State, the Auditor of Public Accounts may appoint a collector thereof. Such collectors shall, within ten days after their appointment, execute bond as required of the sheriff, to be approved by the county court, and if the bond be not executed within said time, the appointment of another collector may, in like manner, be made and qualified." Section 4147: "The sheriff or collector of the state and county revenue of each county of this Commonwealth shall on the first day of May, June, July, August, September, October, November and December in each year, report under oath, to the county court of his county, the amount of state and county taxes he has collected, together with all fines, forfeitures or money, or any other account that shall have been received or collected by him, showing in said report the amount collected for and belonging to each particular fund, for which such revenue or money may be intended. Said report shall be filed and recorded in a separate book furnished by the county clerk for that purpose, which shall be open for inspection in the office of the county clerk. The sheriff or collector shall be required by the fiscal court to pay a penalty of six per centum on the

amount of all taxes levied by the said court that shall
be uncollected, if collectable, or if collected, shall not
have been paid by him on proper demand to the
parties or funds entitled thereto, on the first day of
January in each year after he was required to collect
such taxes, which penalty shall inure to the benefit
of the county. And if the sheriff or collector shall,
without reasonable excuse, fail to pay to the person
entitled thereto upon proper demand of each person,
his agent or attorney, the amount due upon any claim
allowed by the fiscal court, and payable out of taxes
levied by the fiscal court, if collected or collectible
by him, he and his sureties on his county revenue
bond shall be liable therefor, together with a penalty
of fifteen per centum of the amount of such claim
which shall be recoverable by the person entitled
thereto, or his personal representative, in any court
having jurisdiction of the subject-matter. Any
sheriff or collector who shall fail to report as herein
required shall be liable to indictment in the county
of his residence, and fined not less than one hundred
dollars nor more than five hundred dollars for each
offense."

With these sections of the statute before us, we
will now proceed to discuss the duty of the collector,
Wade, to collect the levy made for the payment of
the bank's judgment. Observe that by the terms of
section 4129 the sheriff, by virtue of his office, shall
be the collector of all State, county, and district taxes,
unless the payment thereof is by law specially
directed to be made to some other officer. The words
"by law" do not mean an order of the fiscal court.
They mean a statute, and therefore, where there is
a sheriff in a county, it is his duty to collect all
State, county, and district taxes, unless by the terms

of some statute the collection is to be made by some other officer. If there had been a sheriff in Taylor county, there is no doubt that it would have been his duty to collect the special assessment levied for the judgment of the bank's debt. Now, by section 4131, where there is no sheriff, a collector is authorized to be appointed, and under the terms of the section the county court may appoint one collector to collect the money of the State, county, or taxing district authorized to be collected by the sheriff, or it may appoint a separate collector of the money due the State, the county, or any taxing district thereof during a vacancy in the office of sheriff. This language does not authorize the appointment of one collector to collect the regular revenue of the county and another collector to collect the special assessments as in the case in hand. The authority of appointment of collectors is limited to one collector for all taxes, whether state, county, or district; or the county court may appoint a collector alone to collect State taxes, and another for the county or district; but, when a collector is appointed to collect the county revenue, another may not be appointed to collect some special assessment. The collector or collectors authorized to be appointed by section 4131 take the place of the sheriff, and fill his office so far as the collection of revenue is concerned; and it is their duty to collect all taxes which it would have been the duty of the sheriff to collect had that office been occupied at the time of the levy. D. S. Wade having been appointed both as the collector of the State taxes and the county taxes for the year 1902, it was his duty to collect all taxes levied and collectible for that year, whether State or county, whether regular or special. The nomination of W. B. Trotter

as collector by the fiscal court was void for want of authority to make it, and the appointee evidently so considered it, as he never qualified or undertook in any way to discharge the duty sought to be thrust upon him. By section 4147, the sheriff or the collector of the State and county revenue of each county is required to report on certain named days to the county court the amount of State and county taxes he has collected, and is liable to a penalty of 6 per cent. on the amount of all taxes levied by the fiscal court that shall be uncollected, if collectible, or, if collected, shall not have been paid by him on proper demand to the parties or funds entitled thereto. And, if the sheriff or collector shall, without reasonable excuse, fail to pay to the person entitled thereto upon proper demand of each person, his agent or attorney, the amount due upon any claim allowed by the fiscal court, and payable out of taxes levied by the fiscal court, if collected or collectible by him, he and his sureties on his county revenue bond are liable therefor, together with a penalty of 15 per centum of the amount of such claim, which shall be recoverable by the person entitled thereto, or his personal representative, in any court having jurisdiction of the subject-matter. This statute seems to cover and be conclusive of the question we are now discussing. Here was a judgment against the county, to pay which a special levy was made of 60 cents on each $100 worth of property in the county subject to taxation. We have seen that it was the collector's duty to collect this tax, and pay off this judgment. Although it is admitted that as soon as the levy was made his attention was called to it and demand was made on him to collect the tax, he failed and refused so to do. He does not pretend that the tax was not collect-

ible, and therefore his negligence or willful failure to discharge his duty brings him within the very letter of the statute, which makes him and his sureties responsible on his official bond for his delinquency in the premises. This judgment was not for money due under a special railroad tax, but was for money borrowed from the bank to pay off a compromise which the county had made with certain of its creditors holding railroad bonds. This claim was like any ordinary claim against the county, and, the court having ordered the levy to be made to pay it, it was to be collected as the ordinary revenue of the county was to be collected, in the same manner and by the same officers. There is no provision in the statute to which our attention has been called which authorizes generally a special certification of the county levy to the sheriff in order to make it collectible by him, and a careful search on our part has not led to the discovery of any such statutory requirement. It is the duty of the sheriff or collector to take notice of the levy of taxes by the fiscal court, and to collect and pay over or disburse it as by law required. This the collector failed to do, and by the very terms of the statute he is responsible on his bond for the default.

There can be little doubt that the fiscal court, by what they did in the matter, were undertaking to nullify the judgment of the circuit court. The appointment of the special collector, Trotter, of whom nothing was ever afterward heard, and who in no way attempted to qualify as collector, or discharge the duties of that office, point to the fact that this was an arrangement by which the fiscal court could seemingly comply with the judgment, but without, in fact, accomplishing anything. This unlawful pur-

pose could only be successful by the failure of the regular collector of the revenue to do his duty in the premises, and to collect the taxes provided for by the special levy. Such juggling with the decrees and judgments of the courts cannot be tolerated. Ours, as has often been said, is a government of laws, and, if the judgments of the courts enforcing the law may be thus nullified or disregarded either by overt act or culpable negligence, government is at an end. The county is as amenable to the law as an individual, and it is the high duty of its officials to enforce the law wherever and whenever they are its ministers. There is nothing in the case at bar to excite sympathy for this manifest effort on the part of the county of Taylor, through its officers, to evade the payment of this judgment. The bank loaned it the money in order to compromise at 50 cents on the dollar its outstanding bonds, and there is not the slightest basis for the claim that this debt is either illegal or unjust. The county collects its taxes on all of the bank's property year by year in order to support its government, and then deliberately refuses to pay the corporation that which is admitted to be justly due it. It seems to us high time that it should be taught as a practical lesson, as well as a theory, that there are none so high as to be above the restraints of the law, or so low as to be beneath its protection. The answer of the defendants does not set forth a valid defense to the cause of action set up in the petition, and the general demurrer should have been sustained.

The judgment is reversed for further procedure consistent with this opinion.