## Commonwealth, For Use, et al. v. Moody, et al.

(Decided November 14, 1912.)

### Appeal from Taylor Circuit Court.

Taxation—Debt Against County—Levy of Tax—Special Collector—Action Against—Construction of Statute.—By the provisions of section 4131, Ky. Stats., the duties and powers of a special collector of taxes are limited to the performance of those things "mentioned or provided" in the order appointing him, and as the levy made in the order appointing Moody did not include the levy for the purpose of paying Wade's administrator's debt, and as Moody never collected the money, and was not authorized to collect it, he and his surety cannot be required to pay it. (See, 113 Ky., 243; 126 Ky., 791.)

W. M. JACKSON, JONES & GARNETT and JAMES GARNETT for appellant.

JEFF HENRY, J. R. SANDERS and ERNEST MACPHERSON for appellees.

Opinion of the Court by Judge Nunn—Affirming.

In 1894 Taylor County borrowed $4,000.00 from the bank of Columbia to pay on its railroad indebtedness. Afterwards, an action was brought by the bank against the county, a history of which may be found in 113 Ky., 243. Later, in accordance with the opinion by this court in that case, the fiscal court of Taylor County made a levy upon the property of the county for the payment of this debt. This matter again came before this court in the case of Commonwealth v. Wade's Administrator, 126 Ky., 791, and this court again reversed the Taylor Circuit Court, holding that Wade and his bondsmen were responsible to the bank of Columbia for Wade's failure to collect the tax levy which had been made in obedience to the court's directions. During the pendency of that action, Wade died and his administrator paid the bank its debt and received an assignment from the bank of its judgment against Taylor County. The county then voluntarily made a levy for the purpose of reimbursing the estate of Wade and appointed one Beauchamp collector thereof, but the county rescinded the levy and ordered Beauchamp to refund to the taxpayers the sums already collected by him. After Beauchamp had complied with this order, Wade's administrator brought suit against him and his bondsmen, and both the circuit court and this court decided the action adversely to the administrator upon the theory that the fiscal court, under the circumstances of that case, had a right to rescind the order and thereby relieve Beauchamp and his bondsmen of liability. After this the administrator brought a suit against the county for this debt and obtained a mandamus requiring the county to levy a tax sufficient to pay him the debt and interest which then amounted to something over $7,000.00, and no appeal was taken from that judgment. In pursuance to this judgment, the fiscal court made an order levying a tax. The order is in part as follows:

"It is therefore in obedience to said writ of said Taylor Circuit Court peremptorily ordering same, ordered that a tax of forty-two cents, 42c, on each one hundred dollars worth of property of Taylor County, as assessed and equalized for taxation for the year 1911, be and the same is hereby levied for said purpose."

This action was instituted by Wade's administrator against G. A. Moody and the Bankers Security Com-

pany, his bondsmen, to compel them to pay and account to him for the tax levied under the above order. It appears from the pleadings and exhibits filed in this case that all the steps were taken by Wade necessary to render appellees liable for the tax, as they were in effect the same as those taken in the case of Commonwealth v. Wade, supra, which this court said were sufficient to bind Wade and his bondsmen. Appellees claim that they are not liable for this tax levy because Moody had no right to collect it, as he had not been ordered to do so; that he was only appointed as special collector for the county under the following order:

"Taylor County Court, January Term,

"January 27, 1911.

"Ordered by the court that G. A. Moody be and he is hereby appointed special collector of Taylor County to collect and account for as required by law the poll tax and ad valorem tax for county purposes by an order made and entered by the Taylor County Fiscal Court on the 24th day of January, 1911, and which taxes were levied for the purposes and in the amounts following, viz:

"An ad valorem tax of twenty cents on each one hundred dollars worth of taxable property of Taylor County, and a poll tax of one dollar and fifty cents on each poll in said county to defray the current and necessary expenses of the county, five cents on each one hundred dollars of taxable property of said county, for roads and bridges, and twenty cents on each one hundred dollars of taxable property of said county and a poll tax of seventy-five cents on each poll in said county for common school purposes in said county."

It is further claimed that appellees are not liable for the levy as Moody only executed a bond to *faithfully perform his duties as special collector;* that is, his duties as prescribed in the order appointing him. If the law had remained as it was when the case of the Commonwealth v. Wade's Administrator, supra, was decided, it could not be seriously contended that appellees are not liable to appellants for the levy; but the indications are, that in view of that opinion, the legislature amended section 4131 of the Statutes so as to make it read as follows:

"On the failure of the sheriff or collector to execute bond and qualify as hereinbefore provided, he shall forfeit his office, and the county court may appoint a sheriff or collector to fill the vacancy until a sheriff or collector is elected, or it may appoint a collector for the county of all moneys due the State, county or taxing district authorized to be collected by the sheriff, or it may appoint a separate collector of all the moneys due the State, county or taxing district thereof during the vacancy in the office of sheriff; and in the event the county court fails for thirty days to appoint a collector of money due the State, the Auditor of Public Accounts may appoint a collector thereof. Such collectors shall, within ten days after their appointment, execute bond as required of the sheriff, to be approved by the county court, and if the bond be not executed within said time the appointment of another collector may in like manner, be made and qualified; *but such collector shall only be required to give bond for and collect such taxes or moneys as may be mentioned or provided for in the order of the county court appointing him.*"

(Italics are ours and designate the amendment to the statute.)

This amendment expressly limits the duties and powers of a special collector to the performance of those things "mentioned or provided" for in the order appointing him, therefore, Moody was only authorized to collect the levies made in the order appointing him collector, and it did not include the forty-two cents levy on each one hundred dollars worth of taxable property in that county for the purposes of paying Wade's administrator his debt.

The case of Commonwealth v. Wade's Administrator, supra, construed section 4131 and other sections of the statutes as they existed prior to the amendment of section 4131 in 1906, as Wade's delinquencies referred to in that opinion, occurred before the amendment, and the statute was then construed as allowing but one collector of county or district revenue. It was further held in that opinion that it was not necessary to certify the taxes to be collected, to the collector; that the collector took the place of the sheriff and was responsible for the collection of all taxes levied during his term of office. As stated, in view of this construction of the statute, the Legislature authorized the appointment of special col-

lectors and provided specifically that such collector should give bond for and collect only such revenue as the order of appointment directed him to collect. It is not for this court to pass upon the propriety or impropriety of this legislation. The legislative department of the State had a right to enact it.

Appellant contends that if the amendment is given the construction contended for it will be rendered unconstitutional, as it will then impair the obligations of contracts; that this court has repeatedly held void, legislation that interferred in any way with the rights or remedies of a party to contracts. The cases of Collins v. Collins, 79 Ky., 88; American Assn. v. Innis, 109 Ky., 595; Griswold v. Hepburn, 63 Ky., 20, and several others are cited to sustain this contention.

The amendment would be unconstitutional if it in any way impaired contracts or any remedies thereunder, but it does not do so. The contract is left unimpaired and appellant is not deprived of his remedy. He is as much entitled to a collector of this tax as he was before the amendment was passed. But appellant claims that the whole matter is left in the discretion of the county judge; that he can defeat the collection of his claim by refusing to appoint a special collector, and that he would be subject to a delay occasioned by a proceeding for a mandamus to compel the judge to appoint a collector. This would be no greater delay than before. The county judge could have wrongfully refused to appoint any collector, under the statute as it existed before the amendment, and all persons who had claims against the county would have been subject to the character of delay referred to. This is no fault of the law; it is only perverseness of the judge. The county should have long since paid this claim of Wade's administrator with its interest, and to avoid any further delay in this matter, the fiscal court, in our opinion should make a levy at its earliest opportunity and provide for the payment of the claim out of the first funds available; and appellant, or some other suitable person, should apply for the appointment as special collector to collect the levy, and we have no doubt but that the county judge will make the appointment and that the taxpayers will be willing and glad to pay their part in order that Wade's family might be reimbursed in the amount they were compelled to pay the bank for the county, with its interest.

Appellee Moody never collected one cent of this money nor was he authorized by his appointment to receive it, therefore, it would be wrong to compel him and his surety to pay it.

For these reasons, the judgment of the lower court is affirmed.