CASE 74—MANDAMUS—APRIL 25.

## Crittenden County Court v. Shanks, &c.
## Same v. Same.

88　475
136　230

APPEALS FROM CRITTENDEN CIRCUIT COURT.

1. THE APPROPRIATION BY THE COUNTY COURT OF MONEY TO BUILD BRIDGES is not a judicial act, and may be set aside at a subsequent term of the court, unless individual rights have become involved.

    The appellant having made such an appropriation, set it aside at a subsequent term of the court. Thereupon citizens of the county filed their petition asking for a mandamus compelling the county court and its commissioner to construct the bridges as directed by the original order appropriating the money for that purpose. Held—That as the county court had complete power over the subject the mandamus should have been refused.

2. POWER OF COUNTY TO BORROW MONEY.—A county, in the absence of legislative authority, has no power to borrow money and execute its obligations therefor, although the purpose may be to apply the money to the use of the public.

3. APPEALS IN ROAD CASES.—Upon appeal to the circuit court from an order of the county court discontinuing a road, the jurisdiction of the circuit court is appellate only, and if it appears that evidence was heard in the county court the appeal will be dismissed in the absence of a bill of evidence.

W. P. D. BUSH, ROCHESTER & BLUE FOR APPELLANT.

ALVIN DUVALL, FOR APPELLEE.

Briefs not in record.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

At the October term of the Crittenden County Court for the year 1882, the county judge, in conjunction with the magistrates of the county, and in accordance with the report of commissioners appointed for that purpose, made an appropriation for the construction of two bridges across Camp creek in said county at a cost of $2,250.

One of the appellees, Wilson, was appointed bridge commissioner to superintend the work with the power attempted to be conferred upon him to borrow the money at a fixed rate of interest and to execute the obligation of the county for its payment.

After these orders had been made, the court, being of the opinion that the location of the bridges made them liable to overflow and perhaps destruction by high water when built, concluded to have a route surveyed or designated for what is called in the record, a *high water road*, thereby avoiding the danger that would result to the structures if built as intended by the original order. Commissioners were appointed for that purpose, who made a favorable report, and the road located above or beyond the reach of high water. The order making the appropria-

tion for building the bridges was set aside, and the commissioner, Wilson, in obedience to the order of the court refused or declined to make any negotiation, or take any step for the erection of the bridges. The bridges to be built constituted, when erected, a part of the public highways of the county.

The appellees, who are citizens of the county, filed a petition in the Crittenden Circuit Court asking for a mandamus compelling the county court and its agent or commissioner, Wilson, to construct the bridges as directed under the original order appropriating the money for that purpose. The circuit judge granted the writ requiring the appellant, the county court, and its commissioner to erect the bridges, upon the idea that the county court having once adjudged that the bridges were necessary, and appropriated money for that purpose, could not at a subsequent term of the court rescind that order. This is the only question raised, and we think was improperly decided by the court below. Petitions were presented to the county court asking for the erection of the bridges across or along the common highway, and also petitions favoring the discontinuance of so much of the old road as would be dispensed with by changing the route so as to place the highway beyond high water mark. These petitions were presented by those having a common interest in the highways of the county, and advised the county court as to the wants of the people, but no right of property was involved, or any individual right advanced or disregarded by making the order for the construction of the bridges or the order rescinding that order. No contract had been entered into with any one to perform this

work, but the county court, as the representative of the
corporation, or the county, had only exercised its discre-
tion in making an appropriation that at one time they
thought advisable; but, upon further consideration,
deemed unwise. They had contracted with no one, and,
in their legislative capacity, undertook to make the
appropriation, but, whether legislative or judicial, it was
the only party to the proceeding and had the right at any
time to revoke the order making the appropriation until
the rights of others became involved. In Lexington &
Harrodsburg Turnpike Co. v. McMurtry, 6 B. M., 215,
this court held that a judicial act by the county court
determining the rights of individuals was final and could
not, at a subsequent term of the court, be set aside at the
mere will of the court. This doctrine is well understood,
but has no application to a case like this, where the
magistrates are assembled as a court of claims to make
ordinary appropriations for public improvements, in
which one citizen has as much interest as another. In
fact, such an appropriation is non-judicial, and may be.
disregarded, at its discretion, unless individual rights.
have become involved. A municipal corporation, through
its council, might make an appropriation for the im-
provement of its streets, and before any contract right
had accrued deem it expedient to withdraw or annul the
order making the appropriation, and the right to do so
can not be questioned. The discretion confided to a
county court in regard to the finances of the county and
the appropriation of money for public or county pur-
poses, can not well be controlled by the action of a
higher tribunal. There was no money in the treasury

and no levy had been made for the purpose of raising this money, and the commissioner had no power, as he, doubtless, wisely concluded, to pledge the obligation of the county for the loan of the money to enable him to make the improvements. Our attention has not been called to any special or general statute under which the counties of the State, or any of them, have the power, through their agents, to create obligations for the loan of money, although the purpose may be to apply it to the use of the public, and, in the absence of such legislation,. the power does not exist. It results, therefore, that the county court, in the exercise of its discretion, has said that the bridges should be dispensed with, and, having complete power over the subject, the writ of mandamus should have been refused.

It seems that the county court discontinued that part of the old road rendered unnecessary by the establishment of the new road, and the appellees remonstrated against. the discontinuance and appealed to the circuit court from the order discontinuing it, and that case has been considered with the case for the mandamus. That judgment must be reversed, because the jurisdiction of the circuit. court is appellate only in such cases, and there was no bill of evidence or exceptions from the county court, when it is plain that evidence was heard.

The judgment in each case is reversed and remanded, with directions to dismiss the appeal in the one case and dismiss the petition for a mandamus in the other, and for proceedings consistent with this opinion.