CASE 22.—ACTION BY COMMONWEALTH FOR THE USE OF
D. S. WADE'S ADMINISTRATOR AGAINST H. N.
BEAUCHAMP AND OTHERS.—January 20, 1910.

# Commonwealth, for Use of Wade's Admr v. Beauchamp, &c.

Appeal from Taylor Circuit Court.

I. H. THURMAN, Circuit Judge.

Judgment for defendants, plaintiff appeals—Affirmed.

Counties—Fiscal Court—Ordering Levy of Tax—Repealing Order.
—The fiscal court of a county in ordering the levy of a tax
to pay a judgment of a bank against the county acts in a
legislative capacity, rather than a judicial capacity, and so
may, at a subsequent term, repeal such order, where no
rights have become vested by virtue of such order; as is
the case where the bank having also recovered judgment for
the amount of the debt of the county to it, against a tax col-
lector for his failure to collect a tax previously levied to pay
the bank, such collector paid the judgment but not till after
such repeal of such order, and therefore not in reliance on
its validity.

W. M. JACKSON, JAMES GARNETT and W. W. JONES for
appellant.

B. A. RICE for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-
MISSIONER—Affirming.

The Bank of Columbia obtained a judgment in the
Taylor circuit court against the county of Taylor for
the sum of $4,000, and interest at the rate of 6 per
cent. per annum from the 29th of March, 1894, until
paid.  Afterwards it moved the fiscal court to make

a levy to pay the judgment. This the fiscal court declined to do. Thereupon the bank instituted an action against the members of that court to compel them to make the levy. The court below refused to require the fiscal court to make the levy prayed for. From that judgment the bank prosecuted an appeal to this court. The judgment was reversed, with directions to the lower court to require the members of the fiscal court to make the levy. Bank of Columbia v. Taylor County, 112 Ky. 243, 65 S. W. 451, 23 Ky. Law Rep. 1483. Upon the return of the case judgment was entered in pursuance to the mandate.

On April 3, 1903, the fiscal court made a levy of 60 cents on each $100 in value of all property subject to taxation in the county, and appointed W. T. Trotter to collect the same. Trotter failed to qualify and assume the duties of the office. At that time, and for several years prior thereto, there was no sheriff in Taylor county. The office being vacant, the duties were performed from time to time by collectors appointed for that purpose. On January 13, 1902, D. S. Wade was appointed collector of both state and county taxes. He accepted the appointment and qualified by taking the oath of office and executing the bonds required by law, with J. N. Turner and Henry R. Turner as his sureties on both bonds. After the levy of the tax by the fiscal court, the bank notified the collector, D. S. Wade, thereof, and demanded that he proceed at once to collect the tax and pay it over in satisfaction of the judgment. This he failed and refused to do, and no part of the levy was ever collected, or paid to the bank. The bank then instituted an action against the collector on his bond, for the purpose of recovering judgment against him and his sureties for the payment of its debt, interest, and

costs.    The court below decided in favor of Wade
and his sureties.    On appeal to this court the action
was revived in the name of Wade's administrator,
Wade being then dead, and the judgment was re-
versed and cause remanded with directions to enter
judgment against Wade's administrator and his sure-
ties in favor of the bank.    Commonwealth, for Use,
etc. v. Wade's Adm'r, 126 Ky. 791, 104 S. W. 965, 31
Ky. Law Rep. 1185.

On April 11, 1908, the fiscal court of Taylor county
levied a tax of 20 cents on each $100 of taxable prop-
erty in the county for the purpose of paying a por-
tion of the judgment in favor of the bank.    H. N.
Beauchamp was appointed tax collector for the
county on August 26, 1908.    He accepted the appoint-
ment and qualified by executing bond on September
10, 1908.    He proceeded immediately to collect the
tax, and succeeded in collecting about $500.    On Oc-
tober 8, 1908, the fiscal court entered an order set-
ting aside the order of April 11, 1908, levying the 20
cents' tax.    In this order H. N. Beauchamp was di-
rected to take no further steps towards the collection
of the tax and to pay back to those from whom he
had made collections the amounts received from
them.    On October 19, 1908, Wade's administrator
paid to the bank a portion of its judgment.    On No-
vember 28, 1908, he paid the balance of the judgment.
On March 12, 1909, he obtained an assignment of the
judgment from the bank.    After payment of the judg-
ment, Wade's administrator demanded of Beauchamp
that he proceed to collect the tax levied by the order
of April 11, 1908.    This he refused to do.    Thereupon
the commonwealth, for the use of Wade's administra-
tor, instituted this action against Beauchamp and his
sureties for the purpose of recovering judgment

against them on the ground of Beauchamp's failure to perform his duties. Among other defenses which it will be unnecessary to set up, Beauchamp pleaded that the order of April 11, 1908, was set aside and rescinded by the order of October 8, 1908, and that he was thereby absolved from any further duty in the matter. At the same time he made Taylor county a party defendant and by proper pleading asked judgment over against it in case he was required to pay Wade's administrator. The judgment below was in favor of Beauchamp and his sureties. From that judgment this appeal is prosecuted.

The only question which we deem it necessary to consider is the power of the fiscal court, at a subsequent term, to set aside and rescind the order of April 11, 1908, levying the 20 cents' tax. It is true that this court has decided that, where the county or fiscal court passes upon the merits of a claim and adjudges it to be valid, it has no power at a subsequent term to reverse its action. Prebels v. Chism, 5 T. B. Mon. 158; Lexington & Harrodsburg Turnpike Road Co. v. McMurtry, 6 B. Mon. 214. The reason for this rule is that, in passing upon the validity of a claim, such court acts in a judicial capacity. But where the county or fiscal court does not act in a judicial capacity, as in a case of an appropriation of money to build bridges, its action may be rescinded at a subsequent term of the court (Crittenden County Court v. Shanks, 88 Ky. 475, 11 S. W. 468, 11 Ky. Law Rep. 8), unless individual rights have become involved. The act of appropriating money after it has been levied and collected differs in no respect from an order levying a tax for the purpose of raising money. In each case the court does not act judicially,

but rather in a legislative capacity. Furthermore, it has been held that the Legislature of the state has the right to repeal any act in which taxes have been imposed. Having a right to impose a burden, it has a right to remove it. And we see no good reason why a fiscal court, which is authorized by the Legislature to levy taxes for county purposes, has not the same right to repeal an order levying a tax in cases where no rights have become vested by virtue of such order. It is apparent from the record that Wade's administrator incurred no liability on the faith of the validity of the order of April 11, 1908, levying the tax in question. That order was set aside on October 8, 1908. At that time Wade's administrator had paid no part of the bank's judgment. The first payment on the bank's judgment was made on October 19, 1908, while the second payment was made on November 28, 1908. Prior to each of these dates the order levying the tax had been set aside. Payment, then, was not made on the faith of that order. That being the case, we conclude that Beauchamp and his sureties were absolved from all liability by the order of October 8, 1908, setting aside the levy in question. This view of the case renders it unnecessary to pass upon any of the questions between appellant and Taylor county.

Judgment affirmed.