## Fiscal Court of Cumberland County v. Board of Education of Cumberland County.

(Decided April 22, 1921.)

### Appeal from Cumberland Circuit Court.

1. Schools and School Districts—Submission by Board of Education of Budget—Levy by Fiscal Court.—The provisions of section 8 of chapter 36, Session Acts 1920, with reference to the time for the county board of education to submit a budget to the county court clerk of the county for the purpose of requiring the fiscal court to make a levy for the benefit of the common schools of the county are directory and not mandatory, since the school children of the county may not be allowed to suffer because of any oversight, dereliction or nonfeasance of the county board of education in the discharge of its ministerial duties.

2. Schools and School Districts—Levy at Special Session of Fiscal Court.—A county judge may be ordered and directed by a mandatory writ to convene the fiscal court of the county in special session for the purpose of making the levy provided in said subsection 8 upon his refusal to do so after request made by the board and after it has filed the required budget with the county court clerk of the county. But possibly, there can be only one request after the year 1921 for such levy and but one filing of a budget by the county board of education which must include the entire amount required to supplement the school fund paid to the county by the state.

C. R. HICKS and P. SANDIDGE for appellant.

MILLER & SIMPSON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The General Assembly of this Commonwealth at its 1920 session enacted chapter 36, page 148 of the Session Acts for that year. By it the public school system and the machinery through which it was to be operated were very extensively changed and altered. We shall refer to the law pertaining to the subject prior to the passage of that act as the "old act" and to the act itself as the "new act." Under the old act (section 4434a-5, Vol. 3, Kentucky Statutes) the county board of education was composed of the county superintendent of schools, as ex-officio member and chairman, and of the various chairmen of the educational division boards in the county. Under section 1 of the new act the county board of education was to consist of five members elected by the qualified voters of the county exclusive of cities of the first, second and third classes and those residing in districts having an independent school system. Under the old act (section 4457, Vol. 3, Kentucky Statutes) the county board of education was required to lay before the fiscal court of the county an estimate of the amount of money necessary, beyond that obtained from the state, to defray the legitimate expenses of running the schools of the county, and it was the duty of the fiscal court to levy a tax upon all property subject thereto for the purpose of raising the amount of the estimate of the county board of education, but not to exceed the rate of thirty cents on each one hundred dollars' worth of taxable property subject to the tax. Section 8 of the new act imposed substantially the same duties upon the county board of education created by that act, but the limit of the rate of taxation which the fiscal court could levy under that act was not less than twenty-five cents nor more than fifty cents on each one hundred dollars' worth of property subject to the tax. The same section provided that the members of the board of education created by that act should be elected at the November election in 1920 and should qualify and assume the duties of office at the first of the year 1921. There was an emergency clause to the act declaring that it should take effect from the date of its approval, which was March 22, 1920, and section 8 thereof provided that the request for the fiscal court to make the supplementary levy therein provided for, for the scholastic year from July 1, 1920 to June 30, 1921, should be made by the existing county board of education elected and qualified under the old act.

It was further provided in the same section that the budget containing the needed supplementary amount, if submitted by the new board, should be made in writing and filed with the county court clerk "not less than ten days before the usual day for making the county levy," and it was made the duty of the county court clerk to present it to the fiscal court at its next term. If, however, the budget was needed for the first scholastic year following the taking effect of the act it was expressly provided that the old board might submit it, but in that case it need not be filed with the county clerk ten days or any number of days before the convening of the fiscal court.

Section 1838 of the statutes provides for two regular terms of the fiscal court in each year commencing on the first Tuesday in April and in October, but that the county court may by an order of record fix a different date for the commencement of the terms, "provided that one of said terms shall be held in October." It is further prescribed in that section that the county judge shall have power to call a special term of the fiscal court for the transaction of any business within its jurisdiction, and if the county judge for any reason is unable to act such special session may be called by a majority of the members of the court.

The board of education of Cumberland county, elected and operating under the old act, submitted to the fiscal court at its regular session in October, 1919, a budget as contemplated in section 4457, *supra,* and the court made a levy as therein directed of thirty cents on each one hundred dollars' worth of property subject to the taxation in the county. After the taking effect of the new act, which raised the salaries of teachers, and prescribed perhaps other provisions increasing the amount necessary to be expended for schools, the same board, in carrying out the duties imposed upon it by section 8 of the new act, made out a new or supplementary budget asking for the levy of an additional rate of twenty cents upon all property subject to the tax which, with the thirty cents · already levied, would make the maximum rate of fifty cents allowed by the new act and filed it with the county court clerk of Cumberland county about May 4, 1920, and then requested the county judge of the county to call the fiscal court in special session for the purpose of making the levy therein requested; but the county judge declined to do so and this action was filed by the board of education

against the members of the fiscal court, including the county judge, asking for a mandatory writ ordering and directing the latter to call the court in special session and commanding and directing each member thereof to make the levy as requested in the submitted supplementary budget. The motion for the writ was made, after notice executed on the defendants, and they appeared and filed demurrer to the petition, which the court overruled, and upon their declining to plead further the writ was granted as prayed for, and complaining of that judgment defendants prosecute this appeal.

All necessary steps towards the preparation of the budget and facts showing the necessity for the additional fund to be raised by the requested levy are alleged in the petition and, of course, admitted by the demurrer, and the only objections to the judgment urged before us are: (1) that it was the duty of the county board of education to submit the budget to the fiscal court at its regular April 1920 term, since the act under which the request is made took effect on March 22, 1920, and that the board having failed to do so it lost its right to make the request at any time thereafter, and (2) that it is incompetent for the court to compel by a mandatory writ the convening of the fiscal court in special session.

Perhaps it might be true that county boards of education in submitting requests to tax levying authorities should include the entire sum needed in one request and not divide them up and make successive and recurring ones, but this rule, if true, can not apply to the conditions existing in this case, because the right to make the second request, which is the one here involved, was not only created, but was expressly provided for by the new act which, as we have seen, in addition to increasing the expenses of operating the schools also raised the maximum rate of taxation which might be levied by the fiscal court to defray those expenses. We are furthermore convinced that the provisions of the new act, requiring the budget to be made out and filed with the county court clerk *before* the usual day for the convening of the regular term of the fiscal court at which the county levy is made, are *directory* and not *mandatory*. To hold otherwise would put it in the power of the board, through oversight or willful dereliction, to deprive the school children of the county of the benefits intended to be conferred by the statute through the collection and expenditure of the additional

levy required to be made by the fiscal court supplementing the school fund paid by the state, and we have frequently held that no such dereliction or nonfeasance on the part of ministerial officers shall have the effect to deprive the people of the benefits of the law which the officer or officers are charged with the duty of executing. With especial force will this rule be applied where the recipients of the benefits, provided by the law, are the youth of the land and where the provision is for their education and advancement. In support of the above principle we refer to the cases of Clay County Board of Education v. Lewis, 187 Ky. 231; Commonwealth v. Tate, 89 Ky. 587; Fidelity and Deposit Co. of Maryland v. Commonwealth, 104 Ky. 579, and Wade v. City of Mt. Sterling, 18 Ky. L. R. 377. There is no statutory substituted relief here as was true in the case of City of Pineville v. Moore, 190 Ky. 357. The preparation and submission to the fiscal court by the board of education of the budget for the benefit of the common schools of the county under the terms of the statute is a mandatory duty, the language being: "It shall be the duty of the county board of education created by this act each year beginning with the year 1921, and of the present county board of education of 1920, to prepare, subject to the rules and regulations of the State Board of Education and on and with the advice of the county superintendent, an itemized and detailed school budget, showing," etc. If the board should refuse, for any reason, to prepare and submit the budget to the fiscal court in the manner provided by the act, we entertain no doubt but that it could be compelled to do so by mandatory process at the instance of any interested citizen and taxpayer of the county; especially so if he be a patron of the public schools in aid of which the tax is to be collected. The right to maintain such action would not accrue until after the expiration of the time when the board is required to submit the budget, and if such submission could not be made after that time the suit of the citizen to compel the board to do so would be of no effect and the refusal, or the mistake of the board, would thereby defeat entirely the wholesome public purposes of the law. What the citizen may, by action, compel the board to do may likewise be done by the board without such compulsion by the citizen, and we therefore conclude that even if it should be assumed that the county board of education of Cumberland county had sufficient time after March 22,

1920, until the convening of the following regular April
term of the fiscal court (if there was such a term), to
learn the conditions and prepare the budget, it was not
compelled to do so or to file it with the county court clerk
before the convening of that term of the fiscal court, and
it might do so after that time, provided the necessary
facts existed requiring the expenditure of the supplemen-
tary fund which, as we have seen, is admitted to be true
by the demurrer filed to the petition. It results therefore
that ground (1) urged against the judgment is without
merit.

But under ground (2) it is strenuously insisted that
under the statute (section 1838, *supra*) the calling of a
special term of the fiscal court is discretionary with the
county judge, or if he is unable to act the calling of such
term is discretionary with the majority of the court, and
that mandamus will not lie to control that discretion. The
fallacy of this argument lies in the fact that the calling
of the special term of the court, which the county board
of education of Cumberland county requested in this case,
is but the initial step in performing the mandatory duty
to levy the tax and is not discretionary with the county
judge or a majority of the members of the court if he is
unable to act, under the facts pleaded. Section 477 of the
Civil Code of Practice defines the writ of mandamus as
"An order of a court of competent and original jurisdic-
tion, commanding an executive or ministerial officer to
perform an act, or omit to do an act, the performance or
omission of which is enjoined by law." This statutory
definition of the writ is in substance but declaratory of the
common law definition. In 18 R. C. L., pages 114-15, the
conditions for the guidance of the court in issuing or re-
fusing to issue the writ are thus stated: "Upon an ap-
plication for such writ (mandamus) the questions which
usually arise are: (1) Is there a duty imposed
upon the officer; (2) is the duty ministerial in its
character; (3) has the petitioner a legal right, for
the enjoyment, protection or redress of which the
discharge of such duty is necessary; (4) has he
no other and sufficient remedy; and (5) in view
of the fact that the issuance of the writ is not always a
matter of right are the circumstances of the case such as
will call forth the action of the court?" In section 8 of
the new act it is prescribed that: "When such budget has
been submitted to the fiscal court as herein provided, it

shall be the duty of the fiscal court to make the levy therein recommended and demanded, upon all taxable property subject to state taxation in said county, exclusive of property located in graded school districts and cities and towns, maintaining a separate and distinct system of common schools." It will thus be seen that the duty is imposed upon the fiscal court in mandatory terms to make the levy which is only a ministerial act. Fiscal Court of Logan County v. Board of Education of Logan County, 138 Ky. 98; Board of Council of the City of Winchester v. Board of Education of the City of Winchester, 171 Ky. 692, and Breathitt County Board of Education v. Breathitt County Fiscal Court, 188 Ky. 674. The plaintiff (county board of education) has a legal right to "redress of which the discharge of such duty is necessary," and has no other sufficient remedy. Furthermore, since we have seen the failure of the fiscal court to make the requested levy would result in a deprivation of the school children of the county of the benefits of funds provided by the new act, "the circumstances of the case are such as will call forth the action of the court." Thus, every condition prescribed in the excerpt from R. C. L., *supra,* authorizing the granting of the writ is present in the case before us, and they, according to our view, loudly called for the exercise of the power of the court in granting the relief prayed for in the petition.

But, it is urged that if the fiscal court can be forced to convene in special session in a case like this, it may likewise be forced to convene at the behest of any one holding a claim against the county for the purpose of having it allowed before the convening of the next regular term of the fiscal court, and, it is said that the court would be constantly harassed and annoyed and almost in constant session at the instance of claimants who desired immediate allowance of their claims and which would result in practically doing away with the regular terms of the court. The trouble with this contention is that the owners of such private claims have no right to an immediate allowance of them by the fiscal court, and "the circumstances of the case," with them, are such that they must wait until a regular term of the fiscal court to present their claims for allowance. The performance of the act here involved by the fiscal court affects the public and "the circumstances of the case" are such as demand immediate action upon the part of the fiscal court, since de-

lay might imperil the success of the schools of the county and would jeopardize the interest of the school children. Under all the circumstances we see no reason to disturb the judgment of the court and it is therefore affirmed.