# Elliott County Fiscal Court, et al. v. Elliott County Board of Education, et al.

(Decided November 29, 1921.)

## Appeal from Elliott Circuit Court.

1. Mandamus—Mandamus Proceedings—Motion for Writ Notice.— As the notice of a motion for a mandamus takes the place of an ordinary summons, no notice is necessary when the defendant voluntarily appears and demurs to the petition.

2. Schools and School Districts—Fiscal Court Must Levy Taxes to Meet Demands of Board of Education.—Under Acts 1920, c. 36, when the county board of education submits to the fiscal court the budget showing its needs for the school year, the fiscal court must make such levy as will raise the amount required by the budget, and in doing this, the court has no discretion other than the power to limit the rate of taxation for school purposes to such sum as will raise the total amount demanded by the budget.

3. Schools and School Districts—Fiscal Court May Not Levy Taxes Insufficient to Raise Amount Needed.—Where it is apparent from the budget, and from the amount of taxable property in the county, that the forty cent rate levied by the fiscal court for school purposes was wholly insufficient to meet the demands of the board of education, and that the amount demanded could not be raised unless a tax of fifty cents was levied, the fiscal court was without power to fix the levy at a lower rate, and a writ of mandamus requiring them to fix the rate at fifty cents was proper.

4. Schools and School Districts—Right of Board of Education to In-clude Outstanding Indebtedness in Budget and to Require Fiscal Courts to Levy Taxes Therefor.—A county board of education may include in its annual budget any outstanding indebtedness of the board, and require the levy of a tax to meet such indebtedness.

5. Municipal Corporations—Limitation of Indebtedness—Pleading— Burden of Proof.—It is incumbent upon the party attacking the validity of the indebtedness of a municipality to allege and prove that the indebtedness exceeds the debt limit prescribed by the Constitution.

6. Pleading—Cross-Petition—Section 96, Civil Code.—Under section 96, Civil Code, a cross-petition will not lie against a plaintiff.

REDWINE & REDWINE and BECKHAM, HAMILTON & POLS-GROVE for appellants.

WALTER MOBLEY for appellees.

## Opinion of the Court by Judge Clay—Affirming.

The Elliott county board of education filed its petition for a writ of mandamus to compel the Elliott county fiscal

court and the members thereof to levy a school tax sufficient to meet the demands of the board as set forth in the budget which was duly filed with the fiscal court. The demurrer interposed by the defendants being overruled, they then filed an answer and cross-petition. On final hearing the mandamus was granted and the defendants appeal.

It is first insisted that the mandamus should not have been granted because no notice of the motion was given. Notice of the motion for a mandamus takes the place of an ordinary summons, and that being true no notice is necessary when the defendant voluntarily appears and demurs to the petition. Gay v. Haggard, 133 Ky. 425, 118 S. W. 299.

In their answer and cross-petition the defendants challenged the necessity of a fifty cent levy, and alleged that they had levied a tax of forty cents, which was sufficient. In the budget prepared by the county board, the total expenses of the schools for the succeeding year were fixed at $42,510.00. The estimated receipts from the state of Kentucky and from all sources were $27,400.00, thus leaving a balance of $15,110.00 to be supplied by local taxation. It further appears that the assessed valuation of all the property in the county subject to taxation for school purposes was $1,815,314.00. In interpreting the act of March 22, 1920 (Acts 1920, chapter 36, p. 148) it has been held that where the county board of education prepares and submits to the fiscal court, at the proper time, a detailed budget showing the needs of the schools for the succeeding year, it is incumbent on the fiscal court to make such levy as will raise the amount required by the budget, and in doing this, the fiscal court has no discretion other than the power to limit the rate of taxation for school purposes to such a sum as will raise the total amount demanded by the budget. Furthermore, the fiscal court will not be permitted to refuse to comply with the board's demands, unless it can show that the members thereof acted corruptly or in bad faith or that they embraced in their expenditures items not authorized by law. That the demands of the board are excessive or exorbitant in the opinion of the court is not sufficient to justify a refusal of the demand. Breathitt County Fiscal Court v. Breathitt County Board of Education, 191 Ky. 437, 230 S. W. 914; Breathitt County Board of Education v. Breathitt County Fiscal Court, 188 Ky. 674, 223 S. W. 830. It is apparent from the budget, and from

the amount of taxable property in the county, that the forty cent rate levied by the fiscal court for school purposes is wholly insufficient to meet the demands of the board, and that the amount required to be raised by local taxation cannot be raised unless a tax of fifty cents be levied. That being true, the fiscal court was without power to fix the levy at a lower rate, and the writ of mandamus was properly awarded.

But, it is insisted that the "outstanding indebtedness" of $12,000.00 should not have been embraced in the budget for two reasons. (1) Because the act of 1920 does not authorize the inclusion in the budget of any outstanding indebtedness; and (2) because the indebtedness was incurred in violation of section 157 of the Constitution, which declares that no county, city, town, taxing district or other municipality shall be authorized or permitted to become indebted in any manner, or for any purpose, to an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose. In support of the first proposition it is argued that section 4434a-7, which requires the various county boards of education to assume the payment of any legal indebtedness contracted by the old boards of trustees under the old law, applies only to indebtedness contracted prior to the taking effect of the act of 1908, and that being true, there is no statutory authority for a board of education to assume the indebtedness incurred by a former board. No question of assumption of indebtedness is presented in this case. Though the personnel of the board of education may change from time to time, the board itself is now, and has long been, a body politic and corporate with perpetual succession. Therefore a debt created by the board is a continuing obligation of the board regardless of any change in its membership. While the act of 1920 does not in terms provide that prior indebtedness shall be included in the budget, it must be admitted that the payment of valid debts is as necessary for the proper support and maintenance of schools as for the support and maintenance of any other department of the government, and it is not to be supposed for one moment that the legislature intended to compel boards of education to repudiate their valid debts by withholding from them the power to include such debts in their regular budgets. We took this view of the question in the

case of Breathitt County Board of Education v. Breathitt County Fiscal Court, *supra,* and we perceive no reason why that ruling should not be adhered to. With respect to the contention that the outstanding indebtedness was incurred in violation of section 157 of the Constitution, it is sufficient to say that the mere existence of an indebtedness does not raise the presumption of illegality. On the contrary, it has long been the settled rule in this state that it is incumbent upon the party attacking the validity of an indebtedness of a municipality to allege and prove that the indebtedness exceeded the debt limit prescribed by the Constitution. Carter v. Krueger & Son, 175 Ky. 399, 194 S. W. 553; City of Winchester v. Winchester Water Works Co., 149 Ky. 177, 148 S. W. 1, Ann. Cases, 1914A, 1258. The answer in this case did not allege that the indebtedness was incurred in violation of section 157 of the Constitution. Hence, any further discussion of the question is unnecessary.

In the answer, which was made a cross-petition against the board of education, it was alleged that the principal of the high school for the school year 1920-21 was an immoral character and taught infidelity in the schools, and an injunction was asked restraining the board of education from employing him for another year. Complaint is made that the relief prayed was not granted. We need go no further than to say that under our Code a cross-petition will not lie against the plaintiff. Civil Code of Practice, section 96.

Judgment affirmed.