## County Board of Education of Daviess County v. Fiscal Court of Daviess County.

(Decided June 14, 1927.)

(Rehearing Denied, with Modification, October 14, 1927.)

### Appeal from Daviess Circuit Court.

1. Statutes.—In construing statutes and reconciling conflicts, court must ascertain intention of Legislature from subject-matter of statutes, and may take into consideration consequences of their enactment in case of conflict.

2. Statutes.—Where it is apparent from consideration of statute that words were inadvertently used by Legislature and where it

clearly appears on face of statute that other words were intended, court, in construing statute, will substitute words intended for those which were inadvertently used.

3.  Statutes.—Where one section of statute treats specially and solely of matter, that section will prevail over other sections which deal only incidentally with same question.

4.  Statutes.—In construing statute, court will not presume that Legislature did vain or foolish thing.

5.  Schools and School Districts.—Where Legislature, by Acts 1926, c. 81, amending Acts 1920, c. 36, sec. 8, raised tax rate which might be imposed by fiscal courts for school purposes from 50 cents to 75 cents, chapter 172, relating to administration of school affairs, passed by General Assembly on same day, but signed later, should be construed also as increasing tax rate, where latter chapter dealt with tax rate only incidentally, and omission of reference to increased rate was inadvertent.

6.  Schools and School Districts.—Acts 1926, c. 172, relating to fiscal administration of school affairs, and providing uniform budget system, held not unconstitutional as bill for raising revenue.

7.  Schools and School Districts.—Fiscal court had no power to revise budget submitted by county board of education on account of item claimed to have been improperly included, where board acted in good faith.

8.  Schools and School Districts.—Action of county board of education in submitting budget free from fraud and in good faith is subject only to restriction of limit on tax rate prescribed by Legislature, notwithstanding provisions for conference with fiscal court in Acts 1926, c. 172, and board's bona fide recommendations cannot be revised or corrected or ignored by fiscal court.

BEN D. RINGO and CLEMENTS & CLEMENTS for appellant.

WILBUR K. MILLER for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The county board of education of Daviess county submitted its budget to the fiscal court of the county, with the request that a levy be made by that court sufficient to take care of the budget for the fiscal year commencing July 1, 1927. The fiscal court could not raise the amount of money requested by the board of education without imposing a levy of more than 50 cents on the $100 for that purpose. The fiscal court also insisted that one item amounting to $15,750 included in the budget was not proper, and that it should not be required to impose a levy which would take care of that sum. The fiscal court made a levy of 50 cents on the $100, and contends that it could not do more, because that was the limit under the law that

it could impose for school purposes. The county board of education contends that the fiscal court is authorized to make a levy of 75 cents on the $100 for school purposes. The disagreement grows out of the conflict between chapter 81 of the Acts of the General Assembly of 1926 and chapter 172 of the Acts of the same General Assembly. The trial court was of the opinion that chapter 172 was the law expressing the will of the General Assembly, and for that reason upheld the contention of the fiscal court.

Chapter 81 and chapter 172 appear to have been finished by the General Assembly on the same day, but the Governor signed chapter 172 two days later than the signing of chapter 81. Chapter 81 is an amendment to chapter 36 of the Acts of the General Assembly passed in 1920, and relates solely to the one question of the tax rate which might be imposed by fiscal courts for school purposes. Under the act of 1920 the tax rate which might be imposed for school purposes was fixed at 50 cents on the $100. Chapter 81 of the Acts of 1926 changed the tax rate by increasing the limit to 75 cents on the $100. Chapter 172 of the Acts of 1926 dealt with a number of questions relating to the administartion of school affairs, and left the tax rate at 50 cents, as provided in section 8 of the Acts of 1920 aforesaid. The main purpose of chapter 172 clearly was not to deal with the tax rate. In the construction of statutes and the reconciliation of conflicts the court must always ascertain the intention of the Legislature, if it can be done, from the subject-matter of the statutes, and, where there is a conflict, the entire context of the statutes and the consequences of their enactment may be taken into consideration. Felts v. Edwards, 181 Ky. 287, 204 S. W. 146. Where it is apparent from a consideration of a statute that words were inadvertently used by the Legislature, and it clearly appears on the face of the statute that the Legislature intended to use some other word or words, the court, in construing the statute, will substitute the words that the Legislature intended to use for those which it inadvertently used. Ross v. Board of Education, 196 Ky. 366, 244 S. W. 793.

There is another rule of construction which is followed by the courts, and that is that, where one section of a statute treats specially and solely of a matter, that section will prevail over other sections which deal only incidentally with the same question. 25 R. C. L. 1011.

It is not difficult to determine the intention of the Legislature in the enactment of the two chapters aforesaid. It will not be presumed that the Legislature did a vain or foolish thing. The tax rate as it existed was 50 cents on the $100. Chapter 81 increased the limit to 75 cents. Certainly the Legislature did not attempt to increase the tax rate to 75 cents and on the same day repeal the law so enacted and substitute a tax rate of 50 cents. If the tax rate was to remain at 50 cents, there was no necessity for any new legislation on the subject. The Legislature increased the tax rate to 75 cents, and then inadvertently failed to change the rate in chapter 172 to conform to the new rate. The two chapters should be considered as if the tax rate in chapter 172 had been changed to conform to the tax rate in chapter 81. We do not concur in the opinion that chapter 172 of the Acts of 1926 is unconstitutional because it is a bill for raising revenue. It does not come within any of the definitions of a bill for raising revenue brought to our attention.

Counsel for appellees insist that an item of $15,-000 included in the budget should have been omitted with another one of $750 for the interest thereon. They were to pay a debt and interest, which appellees pleaded that the board of education admitted would be paid out of current revenues. This court has held uniformly that the entire question of school revenues is vested in the county board of education, and the fiscal court does not have the power to correct the mistakes, if any, of the county board. The fiscal court can only ignore the recommendations of the county board when that board has not acted in good faith. The only restriction on the county board is the limit on the tax rate prescribed by the Legislature, as long as the acts of the county board are free from fraud and are in good faith. The purpose of a conference or consultation between the county board and the fiscal court provided for in chapter 172 of the Acts of 1926 is not very clear, but it is probable that the purpose was to give the fiscal court an opportunity to explain to the county board matters relating to the finances of the county so that the board might act judiciously in making up its budget. There might be matters that the county board could postpone, or omit altogether, if it would be to the best interest of the county. It was not the purpose, in providing for such a conference, to allow the fiscal court to correct the budget submitted by the

county board, unless it should be with the consent, and upon the request, of the county board.

The lower court decided that chapter 172 of the Acts of the General Assembly of 1926 prevailed over chapter 81, and that was the basis of his judgment, although he passed on demurrers to separate paragraphs of the answer. The judgment of the court said in effect to appellants:

"You may amend, if you care to, but I will sustain a demurrer to your petition, because, in my opinion, everything else aside, you cannot maintain the action, for the reason that chapter 172 of the Acts of 1926 prevails over chapter 81 of the Acts of 1926; therefore, the tax rate is limited to 50 cents."

The effect of this ruling of the trial court was to say to appellant that their contention could not be sustained, although they might establish by their pleadings and evidence that it was their purpose to have the schools conducted for the length of time necessary to authorize them to ask for an amount in their budget which would necessitate a levy above 50 cents, and although they might likewise establish that they acted in good faith when they included in their budget an item for $15,750 with which to pay debts.

If it be true, as alleged in paragraph 3 of the answer, that appellants included in their budget an item for $15,-750 to pay a debt, when in truth and in fact the previous levy for the current year had covered said item, and that it is admitted by appellants that said debt would be paid out of current revenues, the fiscal court would not be required to make a levy to cover the same item for the succeeding year, as such conduct on the part of appellants would be bad faith on their part. If, after proper pleading and proof, the lower court should find such bad faith on the part of appellants, this item should be eliminated from the budget, and it follows as a matter of course that, if the allegations of the fifth paragraph of the answer should be sustained appellants would fail in their attempt to have a tax rate imposed greater than 50 cents, as the fiscal court can be required to impose only such a tax rate as will take care of the budget.

The judgment, in so far as it provides that a tax rate above 50 cents may not be imposed, if required to take care of the budget, is reversed, and the cause is remanded for proceedings consistent with this opinion.

Whole court sitting.