## County Board of Education of Marshall County v. Fiscal Court of Marshall County et al.

(Decided May 28, 1929.)

(As Modified, on Denial of Rehearing, June 21, 1929.)

E. L. COOPER for appellant.

C. B. COX for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The county board of education of Marshall county made up its budget and submitted it to the fiscal court, with the request that the court levy an ad valorem tax against the property in the county for school purposes at the rate of 75 cents on the $100.  The fiscal court refused to comply with the request, and levied a tax at the rate of 50 cents on the $100.  The board of education, by appropriate action, sought a writ of mandamus against the fiscal court to compel it to levy a school tax sufficient

to meet the demands of appellant as set forth in the budget which was submitted. The lower court refused the writ. We are without advice in the way of a brief on the part of the fiscal court as to the reasons why it refused to make the levy, or why the court below decided in favor of the fiscal court.

It is the general rule that the fiscal court must levy a tax rate for school purposes within the limits of the law sufficient to take care of the budget submitted by the county board of education, if the budget is honestly and fairly made up, and contains items allowable under the law. One of the latest cases dealing with this question is County Board of Education of Daviess County v. Fiscal Court of Daviess County, 221 Ky. 106, 298 S. W. 185. It appears from the brief of appellant that some questions may have been raised about one item in the budget made up of outstanding indebtedness of the board of education. The question of outstanding indebtedness of the board of education was also dealt with in the case cited.

Regardless of the needs of the county board of education, the fiscal court cannot exceed the limit prescribed by the Legislature for school purposes.

The case below was tried upon an agreed state of facts, in which we find this statement: ''The plaintiff at the time of the preparation, filing and submission of the aforesaid budget did not contemplate or intend to maintain its elementary schools for a period of eight (8) months during said school year, that the superintendent of schools of Marshall County, Roy O. Chumbler, who is ex-officio secretary of the County Board of Education, so stated at said time to the defendant, and in the presence of plaintiff; and that plaintiff at said time had agreed and arranged to maintain said schools for a period of seven months (7) during said school year, and that such was stated at said time by said Chumbler to defendant.''

Chapter 81 of the Acts of 1926, amending section 8 of chapter 36, Acts of 1920, (section 4399a8, Ky. Stats.), authorizes a tax rate for school purposes in counties in excess of 50 cents under certain conditions and limitations. A rate above 50 cents may not be levied, unless the schools are to be maintained in the county for a minimum term of eight months, and unless the minimum standard salary of teachers, that is $75 per month, is paid allowing an average of one teacher for every 50 children in its county school census. Since it was agreed that the county board of education of Marshall county

did not intend to maintain a school for eight months, the fiscal court was without authority to levy a tax exceeding a rate of 50 cents on the $100, as the budget submitted did not show that the State Board of Education had agreed to a lesser term. When a county board of education desires a levy exceeding 50 cents, in submitting its budget to the fiscal court, it should show such facts as will bring it within the law allowing a levy exceeding 50 cents. It is admitted that the county board of education did not meet this requirement when it submitted its budget, and for that reason the court below was correct in denying the writ.

Judgment affirmed.