# McCreary County Fiscal Court v. McCreary County Board of Education.

(Decided November 21, 1930.)

TYE, SILER, GILLIS & SILER, G. W. HATFIELD and H. M. CLINE for appellant.

STEPHENS & STEELY for appellee.

J. W. CAMMACK, Attorney General, amicus curiae.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The appellant, hereinafter called the fiscal court, seeks to reverse a judgment entered against it in an action begun by the appellee, hereinafter called the board of education. .

### DUTY OF THE BOARD OF EDUCATION.

Section 4399a-8, Ky. Stats.: "It shall be the duty of the county board of education each year to prepare subject to the rules and regulations of the state board of education and on and with the advice of the county superintendent, an itemized and detailed school budget, showing the amount of money needed for supplementing teachers' salaries, for permanent improvements, repairs, furniture, old buildings, maintenance and support of schools during the succeeding school year and also the estimated total amount that will be received from the state and the amount that will be needed to be raised by local taxation, including the rate of levy necessary to raise such amount which in no event shall be less than twenty-five cents (25c) nor more than seventy-five cents (75c) on each one hundred dollars ($100.00) worth of taxable property in the territory affected by this act. This annual school budget shall be submitted in writing to the county court clerk not less than ten days before the usual day for making the county levy and it shall be the duty of the clerk of the county court to present it to the fiscal court when it convenes to make the annual county levy."

The board of education prepared its budget, and on March 3, 1930, presented same to the fiscal court.

### DISPOSITION OF BUDGET.

By reference to section 4399a-8 it will be seen the board of education should have submitted this budget to the clerk of the McCreary county court, but, as the clerk of the county court is ex officio clerk of the fiscal court, the presentation of this budget to the fiscal court must be held equivalent to the submission of it to the county clerk. The budget prepared complies with the statutory requirements, and in it the board of education shows it will be necessary to make a levy of 75 cents on each $100 worth of taxable property in the county school district.

### DUTY OF THE FISCAL COURT.

In a further provision of section 4399a-8 there is this:

"When such budget has been submitted to the fiscal court as herein provided, it shall be the duty

of the fiscal court to make the levy therein recommended and demanded, upon all taxable property subject to state taxation in such county, exclusive of property located in graded school districts and cities and towns, maintaining a separate and distinct system of common schools.

"At the same time that the fiscal court makes the ad valorem levy demanded by the county board of education, it shall also impose upon all male voters residing in the territory affected by such ad valorem tax, a capitation tax not exceeding one dollar ($1.00) each."

### What the Fiscal Court Did.

The fiscal court disregarded these plain provisions of the statute and made this order:

"McCreary Fiscal Court. Regular April Term, 2nd day of April, 1930. On motion of T. Chitwood and second by Frank Cooper, it is ordered by the court that the levy for common school purposes shall be fixed at fifty cents on each $100.00 worth of taxable property in said county for the year 1929 and 1930 taxes to be collected in the year 1930.

"A yea and nay vote taken, the Magistrates voting as follows: C. C. King yea, R. O. Jones yea, Atlas Parson yea, Sol Stephens yea, Frank Cooper yea, T. Chitwood yea, J. B. Parks, D. T. Marler yea."

### Suit Filed.

On June 18, 1930, the board of education filed in the McCreary circuit court a petition in equity wherein it stated the steps taken and asked the court to order the fiscal court to reassemble and to make a levy of 75 cents on each $100 worth of taxable property and a poll tax of $1 on each male voter in the county school district. This petition, after being twice amended, was submitted to the McCreary circuit court on August 27, 1930, and, after being advised, the court granted the relief prayed for. Thereupon the fiscal court made the levy as requested by the board of education and directed by the court, and the order shows this: "It is now hereby agreed between plaintiff and defendants that if the order and mandamus entered by the McCreary county circuit court on this day shall be set aside by the Court of Appeals of Kentucky because illegally and unlawfully entered and

made, then in that event it is hereby agreed that the order this day entered by the McCreary county fiscal court hereinabove copied shall be set aside and held for naught and have no effect whatever.''

## FISCAL COURT'S DISCRETION.

The fiscal court appeals, and seeks a reversal upon these grounds. It contends its judicial discretion cannot be controlled by mandamus, but from a careful reading of the statute, particularly that part we have copied under the heading. ''Duty of the Fiscal Court,'' it will be seen it has no discretion in the matter.

It contends it is given a discretion by this part of section 4399a-8: ''In any county in which a rate of more than fifty cents to the hundred dollars is levied for school purposes, it will become the duty of the county board of education to maintain its schools for a minimum term of eight months. Provided, that half the revenue arising from such tax, together with the state per capita apportioned to such county board, will enable it to pay a standard salary of seventy-five dollars ($75.00) per month to its teachers, allowing an average of one teacher for every fifty children in its county school census.'' It says that this budget shows there is no intention on the part of the board of education to conduct the elementary schools for eight months or to pay the standard salaries as required by the statute, and there might be much force in what it says if it were not for the fact that the last-quoted provision is immediately followed by this provision:

## POWER OF STATE BOARD OF EDUCATION.

''Provided, further, that in any county whose school revenue when so apportioned will not enable it to maintain such a salary schedule for a term of as much as eight months, the county board may accordingly maintain the elementary schools for a term of either six or seven months, conditioned upon approval of same by the state board of education given after consideration of facts submitted by the county board showing its inability to maintain standard salaries for full term of eight months.''

The board of education has made up its budget, and shown in it is this: ''This budget provides for a term of seven months for all elementary schools and nine months for all high schools.''

This budget has been approved by the state board of education as appears from the indorsement of W. C. Bell, superintendent of public instruction, and thus this case is distinguished from the case of Board of Education of Marshall County v. Marshall County Fiscal Court, 229 Ky. 774, 17 S. W. (2d) 1009, where the approval of the state board of education had not been obtained.

### Regarding Standard Salaries.

The fiscal court makes a further claim of discretion and seeks to uphold its refusal by this, which it claims justifies what it did. The budget involved shows the teachers' salaries will be $39,975; that the state per capita will yield approximately $24,000; that there is in the county school district property subject to assessment $3,500,000; that the proposed levy of 75 cents on each $100 of this will yield $26,250; that one-half of this $26,250 will be $13,125, and this $13,125 when added to the state per capita of $24,000, will produce only $37,125; that the teachers' salaries, as shown by the budget, amount to $39,975, or $2,850 more than the money provided. The fiscal court invites attention to the provision we have copied above under the heading of "Discretion of the Fiscal Court," and argue that, because of this shortage of $2,850, the court has a discretion about whether it will make the levy as requested or not. That position is untenable. The statute requires an eight months' school when a levy of more than 50 cents is made, provided the state per capita (in this case $24,000) and one-half of the revenue arising from the tax (in this case $13,125, both these funds together being $37,125) will enable it to pay the standard salaries, and in this case it will not, and, when it will not, it does not mean the 75-cent levy shall not be made, but that under such circumstances a shorter term of school may be had, provided the approval of the state board of education is obtained, and in this case it has been obtained. This does not in any sense take the control of the county school finances out of the hands of the board of education and put that control in the fiscal court; that control is still in the board of education, it can make its budgets as of yore, but, if it asks for a levy of 75 cents, it must provide for an eight months' school term, and, if the money it will so receive when apportioned as provided by the statute will not enable it to do so, it may provide for a

shorter term, provided the approval of the state board of education is obtained.

Neither this opinion nor the opinion in Board of Education of Marshall County v. Fiscal Court of Marshall County, 229 Ky. 774, 17 S. W. (2d) 1009, is a departure from the principles announced in Elliott County Fiscal Court v. Board of Education of Elliott County, 193 Ky. 66, 234 S. W. 947, and the cases there cited, but, while the principles are the same, changes have been made necessary by the amendment of the statute in 1926. See chapter 81, page 279, Acts of that year.

The judgment is affirmed.