## Allen County Fiscal Court v. Allen County Board of Education.

(Decided February 23, 1932.)

N. F. HARPER, F. R. & N. G. GOAD and DOUGLAS KEEN for appellant.

T. B. DIXON and W. D. GILLIAM for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Pursuant to section 4399a-8, Kentucky Statutes, the Allen county board of education prepared and filed with the county clerk an itemized budget showing the amount of money needed for school purposes for the year 1930-31, together with its estimated revenue, including the amount to be raised by local taxation, and asked a levy of 60 cents on each $100 of taxable property in the district. The fiscal court declined to make the levy demanded on the ground that the budget did not provide for a minimum school term of eight months, and had not been approved by the state board of education. Afterward the budget was approved by the state board of education, thus giving the county board of education a right to demand a tax levy in excess of 50 cents, but not greater than 75 cents. Section 4399a-8, Kentucky Statutes; Board of Education of Marshall County v. Fiscal Court of Marshall County, 229 Ky. 774, 17 S. W. (2d) 1009. Again the budget was submitted to the fiscal court with the demand for a 60-cent levy, but it declined to make the levy demanded and made a levy of 50 cents. Thereupon the county board of education brought this action for a mandamus compelling the fiscal court and its members to make the demanded levy of 60 cents. The fiscal court defended on the ground that the county board did not act in good faith, and that a levy of 50 cents, together with the estimated revenue from other sources, would fully meet the requirements of the board, and that a levy of 60 cents would create a surplus. The allegation of bad faith was stricken from the answer, and after hearing the evidence the trial court rendered judgment requiring the fiscal court and its members to make the 60-cent levy demanded by the board of education. From that judgment this appeal is prosecuted.

After providing for the annual budget and its submission to the fiscal court through the county court clerk, section 4399a-8, Kentucky Statutes, contains the following provision:

"When such budget has been submitted to the fiscal court as herein provided, it shall be the duty of the fiscal court to make the levy therein recommended and demanded, upon all taxable property subject to State taxation in such county, exclusive of property located in graded school districts and cities and towns, maintaining a separate and distinct system of common schools."

Construing this statute we have uniformly ruled that its purpose was to make the county board of education the judge of the needs of the schools, as well as the rate of taxation to be levied by the fiscal court to meet its requirements, and that, in the absence of a showing of bad faith on the part of the county board of education, or the inclusion in its budget of illegal items which would amount to bad faith, it is the duty of the fiscal court to make the levy demanded within the limits fixed by the statute. County Board of Education of Daviess County v. Fiscal Court, 221 Ky. 106, 298 S. W. 185; Fiscal Court of Cumberland County v. County Board of Education of Cumberland County, 191 Ky. 263, 230 S. W. 57; Elliott County Fiscal Court v. Elliott County Board of Education, 193 Ky. 66, 234 S. W. 947. It is not contended that the budget embraced any illegal items. The sole ground for resisting the demand of the board is that the 60-cent levy would raise more money than was necessary to meet its requirements.

It is the duty of the county board to live within its income, and it has no right to spend any money in excess of that which it receives from the state and local taxation. Hockensmith v. County Board of Education of Franklin County, 240 Ky. 76, 41 S. W. (2d) 656. Though it is possible to fix the amount of its expenditures with reasonable certainty, mistakes are sometimes made, and unexpected obligations have to be met. With respect to its income there is more uncertainty. At the time the budget is being made up no one can say exactly how much will be received from the state, from polls, from franchises, or even from ad valorem taxation, particu-

larly in times of depression like these. In short, the board must rely on estimates, which, in the very nature of things, are more or less problematical. Of course a case might arise where the rate demanded was so excessive on its face, or it was so clear from past experience, that the proceeds therefrom, when added to the board's other revenue, would exceed its requirements to such an extent as to show bad faith on the part of the board, but the mere possibility of a small excess would not be sufficient. The trial court was of the opinion that, in view of the uncertainty as to the estimated receipts of the board, the excess, if any, was no more than to indicate on the part of the board wise management, prudent foresight, and the desire to live within its income. With this conclusion we agree.

Judgment affirmed.

Whole court sitting.