## Newell et al. v. Cincinnati, N. O. & T. P. Ry. Co.

(Decided Oct. 11, 1932).

(As Modified on Denial of Rehearing Jan. 17, 1933.)

629

WALTER N. FLIPPIN and WILLIAM CATRON for appellants.
MAURICE GALVIN and B. J. BETHURUM for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER
—Reversing.

For the school years of 1927-28 and 1928-29, the Pulaski county board of education submitted its budgets and for each year asked a tax levy of 60 cents on the $100 taxable property. The fiscal court duly levied taxes at that rate. Considering the tax in excess of a 50-cent rate to be illegal, the appellee, Cincinnati, New Orleans & Texas Pacific Railway Company, paid on that basis and refused to pay more. Suit was instituted against the railway company by the board of

education and its members for the balance, amounting for both years to $3,829.74 and $191.48 penalty. Kentucky Statutes, sec. 4104. The company entered pleas that it was not necessary to raise the sums set forth in the budget in order to maintain the schools as conducted; that the budgets had not been approved by the state board of education; that the fiscal court was empowered to make a levy of only 50 cents because the budgets did not provide for eight months' terms; that a seven months' school was conducted each year without the approval of the state board of education, as required by law, and that, in order for any legal levy to be made in excess of the 50-cent rate, one-half of the revenue arising from such tax, added to the state per capita distribution, must have been sufficient to pay minimum salaries of $75 a month, and that the tax so levied by the fiscal court would not yield enough money to do that and in fact there were some teachers in the county who were paid less than $75 a month. It was alleged that the maintenance of the eight months term and the payment of the stipulated minimum salaries were conditions upon which the validity of the tax levies rested, and, since neither of those conditions were met, the levy in excess of 50 cents was illegal and uncollectible. The circuit court sustained the plea of illegality and dismissed the petition.

The arguments on this appeal of the county board of education and its members relate to the propositions suggested. Denying the correctness of the construction given the law by the appellee, the appellants further contended for the construction of both sections, 4399a-8 and 4434a-14a, which was given the former statute in McCreary County Fiscal Court v. McCreary County Board of Education, 236 Ky. 149, 32 S. W. (2d) 741; that is, if the state board of education approves a seven months' term and the payment of less than $75 salaries, a tax levy in excess of 50 cents is authorized. They also contend that the evidence shows as a matter of fact the approval of the state board was given each year to the maintenance of a seven months' school and payment of a few of its teachers less than $75 a month. The appellee controverts the sufficiency of the evidence in that regard. The cases of County Board of Education of Daviess County v. Fiscal Court, 221 Ky. 106, 298 S. W. 185, County Board of Education of Marshall County v. Fiscal Court, 229 Ky. 774, 17 S.

W. (2d) 1009, and Elliott County Fiscal Court v. Elliott County Board of Education, 193 Ky. 66, 234 S. W. 947, are submitted as sustaining appellee's points. Those cases were contests between school boards and fiscal courts as to whether the latter should or should not make the levies sought by the school boards, and they did not involve the right of a taxpayer in a collateral proceeding to question the validity of levies actually made.

That payment of illegal taxes may be resisted in a proper proceeding is unquestioned. And it is uniformly held that the powers of the fiscal court to levy a tax are limited by statute and must be strictly construed. Russell County v. Hill, 164 Ky. 360, 175 S. W. 988. The fiscal court is a constitutional executive body with legislative, ministerial and quasi judicial powers which are delegated, vested, and defined by the General Assembly. Farmer v. Marr, 238 Ky. 417, 38 S. W. (2d) 209; Fox v. Board for Louisville and Jefferson County Children's Home, 244 Ky. 1, 50 S. W. (2d) 67. When it acts in its judicial capacity, its orders are regarded as are the judgments of any other court. Akins v. Peak, 239 Ky. 847, 40 S. W. (2d) 324. But in levying a tax the fiscal court is exercising its legislative powers. Commonwealth v. Beauchamp, 136 Ky. 227, 124 S. W. 284.

The Legislature has empowered the fiscal courts of the state to levy local taxes to maintain in part the common schools of the respective counties according to the provisions of section 4399a-8 of the Statutes. That law prescribes the duties of the officers concerned in the matter and directs their steps. For its more convenient study, we may skeletonize its provisions, omitting nonessential portions:

It is made (1) the duty of the county tax commissioner to show the value of property subject to this taxation, and (2) of the county clerk to certify the total assessed valuation to the county school superintendent. Then (3) it is the duty of the county board of education to prepare the annual budget showing the needs of the schools, the estimated sum to be received from the state and the amount necessary to be raised by local taxation, as well as the rate required, which shall be within the minimum of 25 cents and maximum of 75 cents on each hundred dollars valuation. Then

(4) this budget is submitted to the fiscal court. The statute then looks back to the school board (by an interpolation in the act of 1920 when it was re-enacted in 1926, Session Laws, p. 279, c. 81), and provides (5) that where a rate of more than 50 cents is levied it "will become the duty of the county board of education to maintain its schools for a minimum term of eight months," provided (a) that one-half of the local revenue, together with the state per capita apportioned to the county board, will enable it to pay a standard salary of $75 per month to the teachers; and provided further (b) when such sums will not enable it to maintain an eight months' school, the elementary schools may be maintained for six or seven months if approved by the state board of education. The re-enactment of the 1920 act merely omitted certain parts covering a temporary situation, raised the maximum rate to 75 cents, and inserted these provisions, which relate alone to the duties of the school board without changing the powers or duties of the fiscal court. The statute then returns to the fiscal court as expressed in the act of 1920, and declares, (6) "When such budget has been submitted to the fiscal court as herein provided, it shall be the duty of the fiscal court to make the levy therein recommended and demanded." We pass over the provisions relating to the sheriff and collection of the tax, and come to the provision (7) that the money collected by this taxation "shall be expended by the county board of education in accordance with the recommendation contained in the budget submitted to the fiscal court as herein provided." Then (8) the duty of the board of education as to the manner of applying the money is prescribed. Finally there is added the requirement (9) that the budget must be itemized.

This analysis of the statute shows that the maintenance of an eight months' term, or in the alternative a shorter term with the consent of the state board of education, is not made a condition of the tax levy. Nowhere is it declared that the fiscal court is restricted to a 50-cent levy. The duty is placed upon the county school board if a greater levy is made to maintain at least an eight months' term if it can pay the standard salary, or to secure the approval of the state board of a shorter term. By frequent construction of this statute, the court has held that when the county board of education has in good faith performed its duty in pre-

paring the budget and certified its estimate to the fiscal court, it becomes the imperative duty of that body to make the levy recommended and demanded to produce the revenue necessary to cover all legal items. Breathitt County Board of Education v. Breathitt County Fiscal Court, 188 Ky. 674, 223 S. W. 830; Elliott County Fiscal Court v. Elliott County Board of Education, supra; Board of Education of Daviess County v. Fiscal Court, supra; Board of Education of Marshall County v. Fiscal Court, supra; Fiscal Court of Pendleton County v. Pendleton County Board of Education, 240 Ky. 589, 42 S. W. (2d) 885; Allen County Fiscal Court v. Allen County Board of Education, 242 Ky. 546, 46 S. W. (2d) 1070. The duty is placed upon the board of education to submit the facts to the fiscal court, and it must in form and in substance comply with the statute as a condition precedent to compelling the fiscal court to make the levy the board regards necessary. Floyd County Fiscal Court v. Floyd County Board of Education, 175 Ky. 517, 194 S. W. 561; Hockensmith v. County Board of Education, 240 Ky. 76, 41 S. W. (2d) 656. While the fiscal court cannot be forced, it is not provided anywhere that the fiscal court may not make the levy if it is satisfied with the information furnished it. That is a matter of discretion. Board of Education of Newport v. City of Newport, 174 Ky. 28, 191 S. W. 871; Breathitt County Board v. Breathitt County Fiscal Court, supra. Failure to have the necessary or desirable information at hand before proceeding to lay the tax cannot be regarded as the absence of a requisite condition or as a limitation on its powers to levy tax, or to invalidate it when laid.

In Pulaski County v. Watson, 106 Ky. 500, 50 S. W. 861, 21 Ky. Law Rep. 61, a tax was held legal although made before the fiscal court received the final assessment roll upon which the levy was based. In Commonwealth, for Use of Keown, v. C., O. & S. W. Railroad Co., 141 Ky. 633, 133 S. W. 559, it is shown that the levy of a tax is not required to precede in order anything except the collection of the tax.

It is also well settled that the courts cannot inquire into the necessity of a tax levy made by a municipal legislature within the limits prescribed by superior laws. Mayfield Woolen Mills v. City of Mayfield, 111

Ky. 172, 61 S. W. 43, 22 Ky. Law Rep. 1676; McInerney, Sheriff, v. Huelefeld, 116 Ky. 28, 75 S. W. 237, 25 Ky. Law Rep. 272.

The budgets which were submitted to the fiscal court and upon which its orders were based as recited therein were lost and could not be produced on the trial. Copies filed with the state superintendent show they disclosed that seven months' terms would be maintained and some of the teachers would be paid less than $75 a month. However, the evidence is that in each year the budgets were approved by the department of education, by the state superintendent, and were so indorsed and returned to the county superintendent. But neither of them, nor any others of a similar character, was ever approved by the state board of education (composed of the superintendent of public instruction, the secretary of state, and the attorney general) so far as the minutes of that body show, unless it be the purpose to approve all of them for the school year of 1928-1929 by a blanket resolution adopted on August 14, 1929, which was after the schools had been held and the terms closed.

The statute does authorize a levy in excess of 50 cents when requested by the county board of education. And if the levy requested be not sufficient to maintain the schools, it is the duty of the fiscal court to provide an adequate tax notwithstanding. Madison County Board of Education v. Madison County Fiscal Court, 246 Ky. 201, 54 S. W. (2d) 652.

The action of the fiscal court of Pulaski county in levying the taxes for the two years involved must be regarded as having been taken upon sufficient information authorizing the exercise of the discretion vested in it. Obviously, if the school board failed to maintain the standards anticipated by the law, or did not properly spend the money it breached its duty, but that fact could in no way affect the validity of the tax.

The opinion of Board of Education of Marshall County v. Fiscal Court of Marshall County, 229 Ky. 774, 17 S. W. (2d) 1009, is relied on by the appellee as holding that the fiscal court is without authority to levy a tax in excess of a 50-cent rate unless the schools shall be maintained for a minimum term of eight months and unless the prescribed minimum standard salary of teachers is paid. The only point involved in that case

was whether the fiscal court could be mandamused and compelled to make a levy of 75 cents when it was disclosed that those things would not be done. The validity of a tax which might be levied under those conditions was not involved. So the statements in the opinion which are relied on here were not necessary to the decision, and are not to be regarded as authoritative or controlling.

The trial court should have awarded judgment on the petition.

Accordingly, the judgment appealed from is reversed, with directions so to do.

Whole court sitting.